**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Monco Thich, et al., | No. CV-22-08011-PCT-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| Anna C Young, et al., | |
| Defendants. | |

    Federal courts are courts of limited jurisdiction. It is presumed that the court lacks subject-matter jurisdiction unless the party asserting the claim satisfies its burden of establishing jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The Court also has an independent obligation to determine whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Although "a plaintiff's assertion of an invalid federal cause of action does not always implicate the existence of subject-matter jurisdiction," dismissal for lack of subject-matter jurisdiction based on "the inadequacy of the federal claim" is proper "when the [federal] claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Robinson v. Aetna Life Ins. Co.*, No. CV-20-01830-PHX-DWL, 2021 WL 2138778, at *4 (D. Ariz. May 26, 2021) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). For the

reasons stated below, the Complaint is dismissed for lack of subject-matter jurisdiction.

Plaintiffs bring their claims against three defendants, all of whom are Arizona state court judges, for allegedly conspiring with Department of Child Safety personnel, among others, and their "misconscientious[sic] conduct" as judges. (Doc. 1 at 1.) Plaintiffs assert that their parental rights were terminated and ask for this Court's "truth help and [c]onsideration in this case with truth [j]ustice, void State misconduct Judges" and to return their child back "to her loving parents." (*Id.*) Plaintiffs seek $900,000 in monetary damages for their "emotional distress. . . ." (*Id.*) Plaintiffs also explained that they "file with Federal law 42 U.S Code § 1983." (*Id.*)

Although Plaintiffs assert a § 1983 claim, the substance of this suit is an appeal of a family court decision with the ultimate return of their child. This is apparent from their pleading, which asks that this Court "void State misconduct Judges." (*Id.*)

A matter such as this must be handled by state courts because "[f]ederal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). "The *Rooker-Feldman* doctrine is a well-established jurisdictional rule prohibiting federal courts from exercising appellate review over final state court judgments." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-59 (9th Cir. 2008).

The Ninth Circuit has "recognized that '[t]he clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs when a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision.'" *Id.* at 859 (quoting *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007)). This is precisely what is occurring here—Plaintiffs seek review and relief from a decision that occurred within the justice and superior court. (Doc. 1 at 1.)

Plaintiffs cited § 1983 in the Complaint, but the Court "has no jurisdiction over a claim, regardless of whether the claim is couched in federal terms, if the claim is patently without merit, or so insubstantial, improbable, or foreclosed by Supreme Court precedent

as not to involve a federal controversy." *Ellis v. Corp.*, No. CV-18-4088-PHX-JAT, 2018 WL 6727259, at *3 (D. Ariz. Dec. 21, 2018) (internal citations and quotation marks omitted). Furthermore, judicial immunity bars Plaintiffs from seeking monetary damages from state court judges due to an adverse ruling. *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985).

Accordingly,

**IT IS ORDERED** that the Complaint (Doc. 1) is dismissed for lack of subject-matter jurisdiction.

**IT IS FURTHER ORDERED** that all pending motions (Docs. 5, 6, 8, 11, 17, 21, 24, 30) are denied as moot.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly.

Dated this 29th day of September, 2022.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge